IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 15 2013

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| RICHARD CHASE, | ) |
| Plaintiff, | ) |
| v. | ) 1:13cv04 BSM |
| THE MCHUGHES LAW FIRM, LLC., | ) |
| Defendant. | ) |

This case assigned to District Judge __Miller__
and to Magistrate Judge __Deere__

## COMPLAINT

NOW COMES the Plaintiff, RICHARD CHASE, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, THE MCHUGHES LAW FIRM, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. RICHARD CHASE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in County of Fulton, State of Arkansas.

5. The Debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC Bank Nevada, N.A./Best Buy (hereinafter, "the Debt").

1

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Cavalry SPV, I, LLC, purchased, acquired, was assigned and/or otherwise obtained the Debt.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. THE MCHUGHES LAW FIRM, LLC., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas. Defendant is registered as a limited liability company in the State of Arkansas.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

15. On or about September 20, 2012, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt. (See a true and exact copy of said correspondence, dated September 20, 2012, attached hereto as **<u>Exhibit A</u>**).

16. Plaintiff received the correspondence from Defendant, dated September 20, 2012.

17. The correspondence Defendant sent to Plaintiff, dated September 20, 2012, was Defendant's initial communication with Plaintiff relative to the Debt.

18. In the correspondence sent to Plaintiff by Defendant, dated September 20, 2012, Plaintiff was informed "[u]nless, within 30 days after the receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by the Firm. If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt, or obtain a copy of a judgment against you, and we will mail such verification to you. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor."

19. On or about October 13, 2012, Plaintiff sent a written correspondence to Defendant. (See a true and exact copy of said correspondence sent by Plaintiff to Defendant, dated October 13, 2012, attached hereto as **<u>Exhibit B</u>**).

20. Within thirty (30) days of Plaintiff having received the correspondence from Defendant, dated September 20, 2012, Plaintiff sent a written correspondence to Defendant.

21. Defendant received Plaintiff's correspondence within thirty (30) days of Plaintiff having received the correspondence sent to her by Defendant, dated September 20, 2012.

22. On or about October 19, 2012, Defendant received Plaintiff's correspondence, dated October 13, 2012.

23. In the correspondence Plaintiff sent to Defendant, Plaintiff stated that his correspondence was being sent in response to a letter received from Defendant, dated September 20, 1012.

24. In the correspondence Plaintiff sent to Defendant, Plaintiff stated that the Debt was disputed.

25. In the correspondence Plaintiff sent to Defendant, Plaintiff requested that Defendant provide Plaintiff with documentation to validate the Debt.

26. In the correspondence Plaintiff sent to Defendant, Plaintiff listed his mailing address.

27. Plaintiff's mailing address, as listed in the correspondence he sent to Defendant, was in the County of Fulton, State of Arkansas.

28. Prior to November 14, 2012, Defendant had received a copy of Plaintiff's correspondence, dated October 13, 2012.

29. Prior to November 14, 2012, Defendant was cognizant that Plaintiff disputed the Debt.

30. Prior to November 14, 2012, Defendant was cognizant that Plaintiff had timely requested information from Defendant to validate the Debt.

31. At no time prior to November 14, 2012, did Defendant provide Plaintiff with documentation to validate the Debt.

32. On November 14, 2012, Defendant filed a lawsuit against Plaintiff in the Circuit Court of Sharp County, State of Arkansas, captioned as *Cavalry SPV I, LLC as Assignee of*

*HSBC Bank Nevada, N.A./Best Buy v. Richard Chase,* with case number CV 2012-198 (hereinafter, "the Sharp County Lawsuit").

33. The Sharp County Lawsuit was filed against Plaintiff relative to the Debt.

34. Defendant represents Cavalry SPV I, LLC as Assignee of HSBC Bank Nevada, N.A./Best Buy in the Sharp County Lawsuit.

35. On or about November 14, 2012, Defendant attempted to collect the Debt from Plaintiff by filing the Sharp County Lawsuit against Plaintiff in an attempt to collect the Debt.

36. On or about November 14, 2012, Defendant attempted to collect the Debt from Plaintiff without first having provided Plaintiff with documentation to validate the Debt.

37. The Sharp County Lawsuit was filed against Plaintiff in the County of Sharp, State of Arkansas.

38. At the time Defendant filed the Sharp County Lawsuit, Defendant listed Plaintiff's address in the pleadings it filed against Plaintiff as being in the City of Ash Flat, which is located in the County of Fulton, State of Arkansas.

39. At the time Defendant filed the Sharp County Lawsuit, Defendant was cognizant that Plaintiff resided in the County of Fulton, State of Arkansas.

40. On or about November 14, 2012, Plaintiff did not reside in the County of Sharp, State of Arkansas.

41. On or about November 14, 2012, Plaintiff resided in the County of Fulton, State of Arkansas.

42. On or about November 14, 2012, Defendant was cognizant Plaintiff did not reside in the County of Sharp, State of Arkansas.

43. Defendant, by filing the Sharp County Lawsuit against Plaintiff, initiated a legal action against Plaintiff relative to a Debt in a judicial district other than the judicial district where Plaintiff resided at the time Defendant filed the lawsuit.

44. Upon information and belief, on or prior to November 14, 2012, Defendant was cognizant that Plaintiff did not incur the Debt and/or sign the contract being sued upon while he was residing in the County of Sharp, State of Arkansas.

45. Defendant, by filing the Sharp County Lawsuit against Plaintiff, initiated a legal action against Plaintiff relative to a debt in a judicial district other than the judicial district where the Debt was allegedly incurred and/or where the contract relative to the Debt was signed.

46. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b);

   b. Initiated a legal action on a debt against a consumer in a judicial district other that in which the consumer signed the contract being sued upon or in which the consumer resided at the commencement of the action in violation of 15 U.S.C. §1692i(a)(2); and,

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

47. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

48. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD CHASE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**RICHARD CHASE**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: January 8, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com

# EXHIBIT A

# The McHughes Law Firm, LLC
917 W. 2nd Street
P.O. Box 2180
Little Rock, Arkansas 72201



Josh E. McHughes

Becky A. McHughes

**September 20, 2012**

**RICHARD H CHASE**

RE:  Cavalry SPV I, LLC, as assignee of HSBC Bank Nevada, N.A. \ Best Buy
BALANCE DUE:
FILE ID#:    32151

To: RICHARD H CHASE

Please be advised that we have been retained by Cavalry SPV I, LLC, As Assignee Of HSBC Bank Nevada, N.A. \ Best Buy to represent them in connection with an outstanding obligation owed to them. As of the date of this letter, you owe $15,834.92. Your balance at this time is now due in full. Please forward payment to our office to clear your account. If you have already sent your balance in full to our office, please disregard this letter.

### CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G)

You are hereby given notice of the following information concerning the above referenced debt.

1.)    Unless, within 30 days after the receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by the Firm.
2.)    If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you.
3.)    In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.
4.)    This Firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose.

**YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.**

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Sincerely,
The McHughes Law Firm, LLC
**Our File #: 32151**

# EXHIBIT B

Richard Chase


McHughes Law Firm, LLC
PO Box 2180
917 W. 2nd St.
Little Rock, AR 72203

October 13, 2012

Re: File No. 3251

To Whom It May Concern:

This letter is being sent to you in response to a notice dated September 20, 2012, received September 25, 2012. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is **NOT** a request for "verification" or proof of my mailing address, but a request for **VALIDATION** made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;
Explain and show me how you calculated what you say I owe;
Provide me with copies of any papers that show I agreed to pay what you say I owe;
Provide a verification or copy of any judgment if applicable;
Identify the original creditor;
Prove the Statute of Limitations has not expired on this account
Show me that you are licensed to collect in my state
Provide me with your license numbers and Registered Agent

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records; any information obtained shall be used for that purpose.

Best Regards,


Richard Chase


VIA USPS 70092820000060031471

Cc: file