IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICHARD CHASE**                                                                         **PLAINTIFF**

v.                              **CASE NO. 1:13CV00004 BSM**

**McHUGHES LAW FIRM, LLC**                                                     **DEFENDANT**

## ORDER

Plaintiff Richard Chase's motion for summary judgment [Doc. No. 7] is granted, and his motion to strike [Doc. No. 13] is denied as moot.

On September 20, 2012, Chase received a letter from defendant McHughes Law Firm LLC ("McHughes"), informing him that he owed a debt to HSBC Bank, and that if he did not dispute this debt within thirty days it would be assumed valid. Chase disputed the debt via a letter dated October 13, 2012, and requested validation of the debt. McHughes never responded, but filed a lawsuit against Chase on November 14, 2012, in Sharp County, Arkansas, despite the fact that Chase lives in Fulton County, Arkansas. Chase then filed this suit under the Fair Debt Collection Practices Act, and now moves for summary judgment.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence

demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

McHughes concedes that it failed to validate the debt despite a timely request from Chase. It further concedes that it made a mistake in filing the lawsuit in Sharp County. Thus, while McHughes disputes whether any injury was suffered that warrants damages, it has admitted liability in nearly every respect. For this reason, Chase's motion for summary judgment is granted and his motion to strike is denied as moot. The parties are directed to contact Betty Tyree, the courtroom deputy clerk, at 501-604-5400 to schedule a damages hearing.

IT IS SO ORDERED this 16th day of January 2014.

_____
UNITED STATES DISTRICT JUDGE